IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
**Baltimore Division**

IN RE:   *   Chapter 7
  DAMOND DURANT
  SHARAE DURANT   **Case No.: 17-20232**
    **Debtors'**   *

* * * * * * * * * * * * *

DAMOND DURANT, JR.

  *

**Plaintiff**

  *   Adver No.: _____

Vs.

  *

DAMOND T. DURANT, SR.

**Defendant**   *

* * * * * * * * * * * * *

### COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

**NOW COMES**, Damond Durant, Jr., ("Plaintiff"), by his attorneys, KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and files this Complaint Objecting to the Dischargeability of Debt and for reasons state:

### Parties

1. Plaintiff Damond Durant, Jr., (hereinafter referred as "Plaintiff" or "Damond") is an adult citizen of the State of Maryland who resides at 4306 Belvieu Avenue, Baltimore City, Maryland 21215.

2. Defendant is an adult citizen of the State of Maryland. Defendant is a police officer employed by the Baltimore City Police Department ("BPD"). Defendant is Plaintiff's natural father.

### Jurisdiction and Venue

3. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy procedure ("Bankruptcy Rules") 4007(e) and 7001(6). This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334, and 11 U.S.C. §§ 523 and 727(b).

4. The venue is this Court is pursuant to 28 U.S.C. §1408 and §1409.

### COUNT I- Dischargeability of Debt Section 523(a)(4)

5. Plaintiff's grandmother was Janice Denise Montgomery.

6. Ms. Montgomery passed away in 2007, when Damond was 14 years old.

7. Ms. Montgomery's Last Will and Testament, among other things, bequeathed to Damond thirty percent (30%) of the Residuary Estate (that is, the net estate after payment of funeral expenses, debts, expenses of administering the estate, and other specific bequests). Ms. Montgomery's Last Will and Testament further provided that, because Damond was not 21 years of age when she passed, his share was to be distributed pursuant to the Maryland Uniform Transfers to Minors Act to a custodian selected in the sole and absolute discretion of Ms. Montgomery's Personal Representative, and that such custodian was to administer Damond's inheritance in accordance with the requirements of the Maryland Uniform Transfers to Minors Act until Damond attained the age of 21.

8. Ms. Montgomery's Personal Representative appointed Defendant, who is Damond's natural father and with whom Damond lived, to serve as the custodian of Damond's inheritance. Defendant accepted his appointment.

9. On February 28, 2008, Ms. Montgomery's Personal Representative sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of

$67,751.60, as an interim distribution from Ms. Montgomery's estate. Defendant accepted and deposited that check as Damond's custodian.

10. On September 2, 2008, Ms. Montgomery's Personal Representative sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of $8,053.23, as the final distribution from Ms. Montgomery's estate. Defendant accepted and deposited that check as Damond's custodian.

11. Defendant did not administer Damond's inheritance under the terms of the Maryland Uniform Transfers to Minors Act. Instead, Defendant used Damond's inheritance to fund Defendant's and his girlfriend's lifestyle including, by way of example only, taking lavish trips to Puerto Rico and the Bahamas.

12. When Damond turned 21, his father — Defendant — informed Damond that he had spent Damond's inheritance on himself and that Damond should "do what [you] need[] to do."

13. Defendant's actions have caused injury to Damond including the loss of his inheritance, the inability to afford an apartment, the inability to afford enrolling in college, and extreme emotional distress.

14. Defendant's actions, which amount to no less than criminal theft, were malicious, deliberate, gross, and wanton conduct that demonstrates that Defendant was motivated by evil motive, intent to injure, ill will, and fraudulent intent.

15. defendant falsely asserted to Damond and others that Defendant would accept Damond's inheritance as Damond's custodian and administer the bequest in accordance with the Maryland Uniform Transfers to Minors Act.

16. At the time the Defendant made the misrepresentations that he would act in a custodial capacity, he knew that those misrepresentations were false. Defendant had no intention of caring for Damond's property as his custodian.

17. Defendant falsely represented that he would act as Damond's custodian, for the purpose of defrauding Damond.

18. Damond justifiably relied on Defendant — his father — to act as custodian and safeguard his inheritance.

19. Instead, Defendant stole Damond's inheritance and used it for his own selfish purposes, causing Damond to suffer damages.

20. Defendant's actions were outrageous, amounted to criminal theft, and were malicious, deliberate, gross, and wanton conduct that demonstrates Defendant's evil motive, intent to injure, ill will, and fraud.

21. Defendant accepted Damond's bequest as Damond's custodian and, with it, accepted certain fiduciary duties. Among them were the duties to display complete loyalty to Damond's interests and the duty to exclude all selfish interest.

22. Defendant violated his fiduciary duties to Damond by stealing Damond's inheritance and using it for his own selfish purposes.

23. Defendant's actions were outrageous, amounted to criminal theft, and were malicious, deliberate, gross, and wanton conduct that demonstrates Defendant's evil motive, intent to injure, ill will, and fraud.

24. Defendant intentionally took Damond's personal property for his own use, forever depriving Damond of the use and enjoyment of that property, without Damond's permission or justification.

25. That personal property was comprised of specific segregated or identifiable funds, which are traceable.

26. Defendant's actions were outrageous, amounted to criminal theft, and were malicious, deliberate, gross, and wanton conduct that demonstrates Defendant's evil motive, intent to injure, ill will, and fraud.

27. On April 12, 2016, The Circuit Court for Baltimore City, found Defendant liable on all counts stated in the Complaint and awarded a Judgement to Plaintiff in the amount of $373,219.32, plus post-judgement interest and cost.

28. This judgement is final and was not appealed.

WHEREFORE, Damond demands the Judgement be excepted from the general discharge under Section 727, pursuant to Section 523(a)(4) of the Bankruptcy Code, because the Judgement Debt was based fraud committed by the Defendant while acting as a fiduciary on behalf of the Plaintiff. Plaintiff requests that the Court enter an order finding that the Judgment Debt is excepted from the general discharge of 11 U.S.C. §§ 727, under 11 U.S.C. § 523, and granting such other and further relief as may be just.

Respectfully Submitted,

/s/ Kim Parker

_____
Kim Parker, Esquire
Federal Bar No.: 23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com
Counsel for Plaintiff

## STATEMENT REGARDING CORE AND NON-CORE PROCEEDINGS

Pursuant to Local Bankruptcy Rule 7012-1 as Amended, Plaintiff's consent's to final entry of Orders and judgments in the underlying matter.

/s/ Kim Parker
_____
Kim Parker, Esq.