IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In re<br>**DAMOND** and **SHARAE DURANT**<br>Debtors | Bankruptcy Case: 17-20232-MMH<br>Chapter 7 |

## MOTION TO DISMISS FOR ABUSE

Judy A. Robbins, the United States Trustee for Region Four, which includes the District of Maryland, pursuant to Section 707 of the United States Bankruptcy Code and Rule 1019 of the Federal Rules of Bankruptcy Procedure, files this Motion to Dismiss for Abuse and in support thereof states as follows:

## BACKGROUND

1. This Court has jurisdiction over this matter under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b) and 28 U.S.C. §151.

2. This is a core proceeding under 28 U.S.C. §157(b).

3. Damond and Sharae Durant commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on July 28, 2017. (*See* Doc. 1.)

4. According to their Petition, the Durants' debts are primarily consumer debts. (*See* Doc. 1 at 6, line 16a.)

## COUNT I
## TOTALITY OF THE CIRCUMSTANCES ABUSE (11 U.S.C. § 707(b)(3)(B))

5. Section 707(b)(1) of the Bankruptcy Code provides for dismissal of the Chapter 7 case of individual debtors with "primarily consumer debts" upon a finding that the granting of relief would be an abuse of the provisions of Chapter 7. 11 U.S.C. §707(b)(1).

6. Section 707(b)(3) then provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (2)(A)(i) does not arise or is rebutted, the court shall consider ... (B) [whether] the totality of the circumstances ... of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3).

7. The totality of the circumstances of a debtor's financial situation demonstrates abuse of the provisions of Chapter 7 where the debtor has the ability to repay a significant portion of his or her debts but seeks a Chapter 7 discharge instead of doing so. *See In re Fox*, 521 B.R. 520, 528 (Bankr. D. Md. 2014); *In re Calhoun*, 396 B.R. 270, 275-76 (Bankr. D.S.C. 2008), *aff'd,* 650 F.3d 338 (4th Cir. 2011); *In re Haar*, 373 B.R. 493 (Bankr. N.D. Ohio 2007); *In re Henebury*, 361 B.R. 595 (Bankr. S.D. Fla. 2007).

8. One of the fundamental purposes of the Bankruptcy Code, and Section 707(b) in particular, is "to ensure that [debtors] repay creditors the maximum they can afford." *Ransom v. FIA Card Services*, 562 U.S. 61, 71, 131 S. Ct. 716, 725 (2011) (quoting H.R. Rep. No. 109-31 pt.1, p.2 (2005)); *Fox*, 521 B.R. at 527.

9. Here, the Durants do have the ability to repay a significant portion of their debts and, thus, the totality of the circumstances of their financial situation demonstrates abuse.

10. According to their Schedule I, the Durants' gross monthly income is $12,068.33, which equates to annual gross income of $144,819.96 (*See* Doc. 1 at 28, line 4.)

11. According to their Schedule I, the Durants' net monthly income is $5,691.83.

12. According to their Schedule J, the Durants have $6,725.00 of monthly household expenses, leaving a monthly deficiency of $1,033.17. (*See* Doc. 1 at 31, lines 23a-23c.)

13. As described below, however, the Durants have both understated their income and overstated their reasonable and necessary expenses.

## **DEBTORS UNDERSTATE THEIR NET INCOME**

### **Debtors Improperly Deduct a Wage Garnishment**

14. In calculating their net income, Debtors deduct $1,490.67 a month from their gross income as a garnishment against Mr. Durant's wages. (*See* Doc. 1 at 46, line 5h.)

15. Because the wage garnishment stops upon the filing of bankruptcy, however, and the underlying debt will be dealt with through the bankruptcy, that amount is not properly deducted from net income.

16.     When the garnishment amount is added back into their income, the Durants' net monthly income is increased to $7,182.50 and their monthly deficiency become a surplus of $457.50, or $27,450 over the life of a five-year plan of reorganization.

### Debtors Improperly Deduct Deferred Compensation

17.     In calculating their net income, the Durants also deduct $433.33 a month from Mr. Durant's wages as deferred compensation.

18.     On good faith information and belief, and subject to further discovery, the deferment of these wages is voluntary.

19.     Money voluntarily deferred from wages constitutes disposable income for the purpose of the Section 707(b)(3) analysis. *See In re White,* Case 15-30295, 2015 WL 6733878 at *3 (Bankr. N.D. Ohio, November 3, 2015); *In re Floyd*, 534 B.R. 729, 735 (Bankr. N.D. Ohio 2015). This is no different than voluntary contributions to a 401(k) or TSP program. *See, e.g., Anes v. Dehard* (*In re Anes*), 195 F.3d 177, 180-81 (3d Cir. 1999) ("[v]oluntary contributions to retirement plans ... are not reasonably necessary for a debtor's maintenance or support and must be made from disposable income"); *Fox*, 521 B.R. at 531 ("[g]enerally, it is inappropriate for chapter 7 debtors to contribute to their own retirement ahead of repaying creditors and, thus, this amount constitutes disposable income").

20. If the $433.33 a month of deferred wages is added back to their net income, the Durants' net income is increased to $7,615.83, and the monthly surplus is increased to $890.83 a month, or $53,449.80 over the life of a five-year plan of reorganization.

## DEBTORS OVERSTATE THEIR EXPENSES

21. "The Bankruptcy Code requires a meaningful and realistic budget, accompanied by the devotion of most of the debtor's surplus income to repay creditors." *In re Stout*, 336 B.R. 138, 142 (Bankr. N.D. Iowa, 2006). "[D]ebtors are not required to live as paupers; neither are they allowed to continue an extravagant lifestyle at the expense of creditors." *Id.* "Only expenses reasonably necessary for the maintenance or support of the debtor or the debtor's dependents are allowable for a Section 707(b)(3)(B) analysis." *In re Dowleyne*, 400 B.R. 840, 844 (Bankr. M.D. Fla. 2008). Here, Debtors have several monthly expenses that are not reasonably necessary for their maintenance or support.

### Debtors' Unreasonable Car Expense

22. The Durants are making payments on two cars for a combined monthly payment of $1,295.00.

23. This is excessive. The IRS allowance for two cars used for means test purposes, for example, is $970 a month - $325 a month less than the Durants spend.

24. Most of this expense is the result of the purchase of a 2015 Silverado for which they still owe $40,000 and pay $903 a month. (*See* Doc. 1 at 17, 31.)

25. Courts have found excessive car payments similar to those expended by Debtors to constitute an abuse of the provisions of Chapter 7. *In re Ramsay*, 440 B.R. 85, 95 (Bankr. M.D. Pa. 2010) (car payment of $1,128 was excessive and could be reduced); *In re Clary,* Case 6:11-bk-04556-ABB, 2012 WL 868717 at *19 (Bankr. M.D. Fla., March 14, 2012) (excessive car payments support finding of abuse under 11 U.S.C. § 707(b)(3)).

26. When a secured payment for a house or car is excessive, a more reasonable amount should be used to calculate debtors' disposable income. *See In re Shores,* Case No. 1:09-bk-08905, 2010 WL 5125328 at *6 (Bankr. M.D. Pa., Dec. 9, 2010) ("[w]hen a housing payment is too high, a more reasonable amount will be used to calculate whether a debtor has disposable income available that could be committed to funding a Chapter 13 plan"); *In re MacNamara*, Case No. 1:08-bk-03896MDF, 2009 WL 1606985, at *4 (Bankr. M.D. Pa., June 5, 2009) (debtors who were paying more than 30% of their income on housing and whose monthly payments were more than four times greater than applicable IRS Standard could be expected to find suitable rental housing); *In re Hoffman*, 413 B.R. 194, 197 (Bankr. M.D. Pa. 2008) (debtor compelled to reduce $2,338 monthly housing expense where applicable IRS standard was $983); *In re Welch*, 344 B.R. 50, 55 (Bankr. M.D. Pa. 2005) (debtors expected to reduce $2,712 mortgage payment where applicable IRS standard for debtors was $918).

27. If the Durants' car payments were reduced to the $970 IRS allowance, that would add an additional $325 a month to their disposable income, further raising their

surplus from $890.83 a month to $1,215.83 a month, or $72,949.80 over the life of a five-year plan of reorganization.

## Identified Issues Not Exclusive

28. On good faith information and belief, and subject to further discovery, there are other expenses included in Debtors' proposed budget that are overstated, excessive, unnecessary and/or unreasonable.

## LOCAL RULE 9013-2 AND 9013-6 STATEMENTS

29. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that she is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

30. In accordance with Local Rule 9013-6, the United States Trustee hereby consents to entry of a final order or judgment in this matter by a bankruptcy judge.

## RELIEF SOUGHT

WHEREFORE, the United States requests that the Court enter an order:

    A.    Dismissing the Durants' case; and

    B.    Granting the United States Trustee such other and further relief as is just and equitable.

Respectfully Submitted,

Dated: November 6, 2017

Judy A. Robbins
United States Trustee, Region Four

By: /s/ *Hugh M. Bernstein*
Hugh M. Bernstein (Fed. Bar No. 23489)
United States Department of Justice
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
(410) 962-4300
hugh.m.bernstein@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November 2017, a copy of the foregoing Motion was mailed first-class, postage prepaid to:

Damond Durant
Sharae Durant
9217 Bellfall Ct
Columbia, MD 21045

and

AmeriCredit Financial Services, Inc. A/C dba GM Financial
P O Box 183853
Arlington, TX 76096.

I HEREBY FURTHER CERTIFY that according to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- Brian A. Goldman    bgoldman@goldmangoldman.com, hge@goldmangoldman.com;md01@ecfcbis.com
- Kim D. Parker    kp@kimparkerlaw.com, dcn@kimparkerlaw.com;ecf_notices@kimparkerlaw.com;lawclerk@kimparkerlaw.com
- Jeffrey M. Sirody    smeyers5@hotmail.com, sffecf@gmail.com;sfaecf@gmail.com;garyp@sirody.com;jsaecf@gmail.com;sirodyjr47896@notify.bestcase.com

/s/ *Hugh M. Bernstein*
Hugh M. Bernstein