

**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re

**DAMOND** and **SHARAE DURANT**

Debtors

Bankruptcy Case: 17-20232-MMH

Chapter 7

### ORDER GRANTING THE UNITED STATES TRUSTEE'S MOTION IN LIMINE REGARDING ADMISSIONS OF FACT

Upon consideration of the United States Trustee's Motion in Limine Regarding Admissions of Fact, of any opposition thereto, and finding good cause therefor, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion is hereby **GRANTED** and that:

A.   For purposes of this Order, the following terms shall have the following meanings:

1. The term "Debtor" shall refer to Debtor, Damond Durant, as well as any of his agents, employees, representatives and/or attorneys.

2. The term the "Inherited Money" refers to the money that Janice Denise Montgomery bequeathed to Damond T. Durant, Jr., upon her death that Debtor received and took possession of as custodian, including but not limited to $67,751.60, possession of which was given to Debtor via check 1017 dated February 27, 2008 (copy attached as Exhibit 1) and $8,053.23, possession of which was given to Debtor via check 1005 dated August 29, 2008 (copy attached as Exhibit 2).

B. Each of the following facts is deemed admitted for the purposes of all proceedings on the United States Trustee's Motion to Dismiss for Abuse:

1. Each expenditure of the Inherited Money that Debtor made was made for a personal, family or household purpose.

2. Each expenditure of the Inherited Money that Debtor made was made primarily for a personal, family or household purpose.

3. None of the Inherited Money was used to purchase or invest in any business endeavor.

4. None of the Inherited Money was used to purchase stock or invest in the stock market.

5. None of the Inherited Money was used to purchase investment property.

6. None of the Inherited Money was used to purchase rental property.

7. None of the Inherited Money was used to purchase any property that generated income.

8. None of the Inherited Money was used to repay any income tax debt.

9. Some portion of the Inherited Money was used to purchase a motorcycle.

10. Some portion of the Inherited Money was used to pay for trips outside the continental United States.

11. Some portion of the Inherited Money was used to pay for vacations.

12. Debtor has not filed a Schedule C to any Federal Income Tax return he has filed since January 1, 2007.

13. Debtor has not owned or operated a business at any time since January 1, 2007.

cc: Hugh M. Bernstein
    Brian A. Goldman
    Kim D. Parker
    Jeffrey M. Sirody
    Debtors

**[END OF ORDER]**

# EXHIBIT 1

| | |
|---|---|
| **ESTATE OF JANICE DENISE MONTGOMERY**<br>C/O KRAMON & GRAHAM PA<br>ONE SOUTH ST., STE. 2600<br>BALTIMORE, MD 21202-3291 | 1017<br>15-3/540 285 |

DATE 2/27/2008

PAY TO THE ORDER OF Damond T. Durant, Sr., Custodian for Damond T. Durant, Jr.     $ 67,751.60

Sixty-Seven Thousand Seven Hundred Fifty-one and 60/100 — DOLLARS

**PNC BANK**
PNC Bank, N.A.
Maryland

FOR Distribution - 1st acct

⑈001017⑈ ⑆054000030⑆ 55000 22372⑈

- 7 -

# EXHIBIT 2

```
                                                                              1005
ESTATE OF JANICE DENISE MONTGOMERY
    C/O KRAMON & GRAHAM PA
      ONE SOUTH ST., STE. 2600
      BALTIMORE, MD 21202-3291
                                                    DATE 8/29/2008    15-3/540-285

PAY TO THE
ORDER OF  Damond T. Durart, Sr., Custodian for Damond T. Durart Jr.   $ 8,053.23

Eight Thousand Fifty-Three and 23/100                                 DOLLARS

PNC BANK
PNC Bank, N.A.  040
Maryland
                                                    Gertrude C Bartet
FOR Final distribution
       ⑈⁝00⁞1005⁝⑈ ⑆:054000030⑆: 5500022372⑈
```

- 9 -